UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ENIGMA MANAGEMENT CORP., a/k/a ENIGMA
LABORATORIES,

                    Plaintiff,

    -against-

MULTIPLAN INC., and UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK,

                    Defendants.
-----------------------------------------------------------------X

Civil Action No.

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

The defendant herein, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK ("UHIC"), by its attorneys, Sedgwick LLP, respectfully represents as follows:

1. On or about August 12, 2013 an action was commenced against UHIC and Multiplan, Inc., in the Supreme Court of the State of New York, County of Kings, by plaintiff Enigma Management Corp., a/k/a Enigma Laboratories. The suit is identified in the Supreme Court of the State of New York, County of Kings as *Enigma Management Corp., a/k/a Enigma Laboratories v. Multiplan Inc. and United Healthcare Insurance Company of New York,*, Index No. 504627/13.

2. The Summons and Complaint is the initial pleading that plaintiff claims to have served upon UHIC on which this action is based. Plaintiff claims to have served a copy of the Summons and Complaint by purportedly leaving it with an unidentified person of suitable age and discretion at an office maintained by UHIC at One Penn Plaza, 8th Floor, New York, NY 10119 and then mailing another copy to the same address on September 4, 2013. UHIC has not received either copy of the Summons and Complaint that was purportedly served at One Penn Plaza or the copy that was purportedly mailed to that address. Furthermore, One Penn Plaza is not a proper address for service of process on UHIC. Nevertheless, even if service was properly made, pursuant to Rule

NY/1278941v1

308(2), N.Y. CIV. PRACT. L. & R., it would not be complete until October 13, 2013, ten days after Plaintiff filed its proof of service with the Clerk of the State Supreme Court.

3. The Complaint alleges two causes of action against UHIC sounding in unjust enrichment and fraudulent misrepresentation with respect to payments of benefits for laboratory services purportedly rendered to certain UHIC enrollees. A copy of the Summons and Complaint is attached hereto as **Exhibit "A."** In the Complaint, plaintiff seeks a total of $1,255,163.57 in alleged underpayments with regard to services it claims to have provided to UHIC enrollees between June 2012 and May 2013. Although plaintiff did not specifically identify the claims at issue in its Complaint, UHIC's records demonstrate that plaintiff provided services to multiple enrollees in employee welfare benefit plans sponsored by Cablevision, JP Morgan Chase & Co and North Shore – LIJ Health System. Accordingly, the claims for underpayments by plaintiff relate to benefits to be paid pursuant to the terms of these employee welfare benefit plans.

4. The Complaint is the first paper received by UHIC in which plaintiff alleges a claim establishing the existence of federal question jurisdiction and consequently, this action is removable to this Court pursuant to 28 U.S.C. §1446(b).

5. The filing of this petition for removal is timely because it is within thirty (30) days of the date the defendant UHIC first received notice that this action became removable on the basis of federal question jurisdiction under 28 U.S.C. §1331. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001).

## THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C.§1441(A)

5. The basis for federal question jurisdiction is that the plaintiff's complaint seeks payment of benefits under several employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA") (Exhibit

"A"). Pursuant to 29 U.S.C. §1132(e)(1), federal courts have primary jurisdiction over such claims. All, or at least some, of plaintiff's claims as articulated in its Complaint are either completely preempted or removable to federal court. *See UHIC Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Montefiore Medical Center v. Teamsters Local* 272, 642 F.3d 321 (2d Cir. 2011); *Gianetti v. Blue Cross & Blue Shield of Conn., Inc.*, No. 3:07cv01561(PCD), 2008 WL 1994895, *8 (D. Conn. May 6, 2008) (ruling that provider's fraud claims were preempted by ERISA); *Berry v. MVP Health Plan, Inc.*, No. 1:06-CV-120 (NAM/RFT), 2006 WL 4401478, *8 (N.D.N.Y. Sept. 30, 2006) (ruling provider's unjust enrichment claim was preempted by ERISA); *see also Temple Univ. Hosp., Inc. v. Group Health, Inc.*, No. 05-102, 2006 WL 1997424 (E.D. Pa. July 13, 2006)(ruling that provider hospital claims allegedly based on access agreement with third-party were preempted by ERISA).

6. Accordingly, the above-referenced action between plaintiff and UHIC is one which this Court has original jurisdiction under 28 U.S.C. §1331 and is one that may be removed to this Court by UHIC pursuant to the provisions of 28 U.S.C.§1441(a) in that it is a civil action where the Complaint alleges a federal question. This Court may exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. §1367(a).

7. On October 3, 2013, UHIC's counsel contacted Marjorie Wilde, Associate Counsel at Multiplan, Inc., the co-defendant, and advised Ms. Wilde that proofs of service had been filed in the New York State Supreme Court for the County of Kings and asked if she would consent to removal of the action. Ms. Wilde consented to the removal of this action. A true and correct copy of the email exchange on October 3, 2013 is annexed hereto as Exhibit "B". According to Ms. Wilde, Multiplan, Inc. has also not received a copy of the Summons and Complaint. Therefore, Multiplan, Inc. reserves its right to contest service of process.

NY/1278941v1

8. By filing this Notice, Defendants do not waive their right to object to service, service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserve the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE**, petitioner UHIC, the defendant in this action described herein currently pending in the Supreme Court of the State of New York, County of Kings, Index No. 504627/13, prays that this action be removed there from to this Honorable Court.

Dated: New York, New York
October 4, 2013

Respectfully submitted,

_____
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorney for Defendant*
*United Healthcare Insurance Company of New York*

TO:
Roman Popik, Esq.
Law Office of Roman Popik, P.C.
17 State Street, Suite 1575
New York, NY 10004
(646) 562-2207
*Attorneys for Plaintiff*

NY/1278941v1

## CERTIFICATE OF SERVICE

I, John T. Seybert, pursuant to 28 U.S.C. §1746 hereby certify under penalty of perjury that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via regular mail on this 4th day of October 2013, upon the following:

_____
JOHN T. SEYBERT (JS 5014)

NY/1278941v1